# CHARLESTON

TAYLOR *v.* BRAXTON COUNTY COURT.

(For majority opinion, see 57 W. Va. 165.)

BRANNON, PRESIDENT, (*concurring*:)

My opinion is, that the two sections, 7 and 8, of Article X of the Constitution have different objects. The object of section 7 is to limit the annual assessment by county authorities to 95 cents per $100 valuation; while section 8 has for its object to limit the power to incur debt and to prescribe the only mode in which debt can be incurred. It does seem to me that when section 7 says that no more taxes shall be assessed in one year than 95 cents on the $100, it means that no more *expenditure* shall be made than to that extent. It therefore does not mean that if the county court levy too little to pay expenditures in a given year a lawful expenditure or contract of that year, or a draft for it, is void, if there be yet room for it between the per cent of actual levy and the 95 cents. Provision may be made for its payment, so it and all antecedent allowances do not exceed the 95 per cent. An allowance, a draft, a contract made for an expenditure of that year, so that it and antecedent ones do not overgo the 95 cent limit, is not void, and this is simply because section 7 allows expenditure up to that 95 cents. A contract or allowance made for expenditure of that year when antecedent expenditures overgo the limit is void; if that and those antecedent expenditures do not overgo that limit, it is not void. Those passing that limit incur a debt contrary to section 8; those that do not overgo the limit are valid under section 7, and are not debts under section 8, and do not violate section 8. If a contract, or an order under it, is valid when made, it is not void simply because the levy may not reach it. See in *List* v. *Wheeling*, 7 W. Va. 523; *Armstrong* v. *County Court*, 41 W. Va. 602; *Hanley* v. *County Court*, 50 W. Va. 439. If one or more drafts be illegal, shall they taint all made before during the fiscal year? It does not appear in this case whether this contract and drafts under it were, when made, in excess of the amount which could be raised by the 95 cent levy. I am not saying that a contract can be made payable in installments of different years.

I do not differ with JUDGE POFFENBARGER in the reasons he gives why the injunction cannot be sustained.